IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY D.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-1012-BT |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision of the Commissioner of the Social Security Administration. For the reasons explained below, the hearing decision is AFFIRMED.

## Background

Plaintiff alleges that he is disabled due to a variety of physical impairments, including a broken right arm, high blood pressure, diabetes, and high cholesterol. *See* Administrative Record 165-82, 206 ("A.R.") (ECF No. 14). After his applications for disability insurance benefits and supplemental security income were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 25, 2017.

---

[1] Pursuant to the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

*See id.* 17. At the time of the hearing, Plaintiff was 47 years old. *See id.* 18. He has a high school education and past work experience as a machinist. *See id.* 38, 49.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits.[2] Although the medical evidence established that Plaintiff suffered from obesity, diabetes mellitus with neuropathy, hypertension, and right arm dysfunction status post humerus fracture, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* 20. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work, but could not return to his past work as a machinist. *See id.* 21, 24. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could work as a callout operator, a patcher, and a table worker—jobs that exist in significant

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler,* 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

numbers in the national economy. *Id. 26.* Therefore, the ALJ determined that Plaintiff was not disabled and not entitled to benefits. *Id.*

Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court arguing that the ALJ erred in relying on faulty VE testimony, and the VE's testimony does not provide substantial evidence to support the ALJ's decision.

## Legal Standards

Judicial "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the

Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

Although the ALJ found that Plaintiff could not return to his job as a machinist, the ALJ determined Plaintiff was not disabled for purposes of receiving benefits because Plaintiff could perform other work—including the job of callout operator.[3] A.R. 26. In making this determination, the ALJ relied on VE testimony that a hypothetical person of Plaintiff's age, education, work experience, and functional limitations could work as a callout operator. *Id.* 52-54. Plaintiff argues the ALJ erred in relying on the VE testimony because it is contrary to the requirements for the callout operator job that are reported by the supplement to the Dictionary of Occupational Titles ("DOT") and the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO").

The Department of Labor promulgated the DOT to provide "standardized occupational information to support job placement activities." *See* Dep't of Labor, D.O.T. at xv (4th ed. 1991). The DOT, along with a companion volume—the SCO,

---

[3] The Commissioner's burden at step 5 of the sequential evaluation process described above is satisfied by showing the existence of only *one* job with a significant number of available positions that the claimant can perform. *Gaspard v. Soc. Sec. Admin. Com'r*, 609 F. Supp. 2d 607, 617 (E.D. Tex. 2009) (citing *Evans v. Chater*, 55 F.3d 530, 532–33 (10th Cir. 1995).

contains descriptions of the requirements for thousands of jobs in the national economy and classifies those jobs based on various factors. According to the DOT and the SCO, the callout operator job requires, among other things, "occasional" reaching. DICOT 237.367-014; SCO 341. Because the ALJ found that Plaintiff could never reach overhead bilaterally, *see* A.R. 21, Plaintiff argues there is a conflict between the VE's testimony and the applicable DOT job description.

Occupational evidence provided by a VE generally should be consistent with the occupational information supplied in the DOT. Social Security Ruling ("SSR") 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). But the DOT does not include every specific skill qualification for a particular job. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). And, the Fifth Circuit has warned against giving DOT job descriptions a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job. *See id.* A direct conflict between VE testimony and the DOT may arise when the VE's testimony concerning the exertional or skill level of a job is facially different from the description of the job found in the DOT. *Id.* When a "direct and obvious conflict" exists between the DOT and the VE's testimony, the ALJ must explain or resolve the conflict. *Id.* If the ALJ does not resolve the conflict, the weight of the VE's testimony is lessened such that reversal and remand for lack of substantial evidence usually follows. *Id.* at 146. On the other hand, when a conflict is implied or indirect, the ALJ can accept and rely upon the VE's testimony provided the record reflects an adequate basis for doing so. *See id.* at 146; *see also*

*Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d 607, 613 (E.D. Tex. 2009) (affirming Commissioner's decision to rely on VE testimony despite implied conflict where adequate evidence supported VE testimony).

In this case, there is no direct and obvious conflict between the DOT and the VE's testimony. The DOT's narrative description for the callout operator job does not specifically state, or otherwise indicate, that overhead reaching is required. Rather, the DOT describes the relevant job duties to include:

> Compiles credit information, such as status of credit accounts, personal references, and bank accounts to fulfill subscribers' requests, using telephone. Copies information onto form to update information for credit record on file, or for computer input. Telephones subscriber to relay requested information or submits data obtained for typewritten report to subscriber.

DICOT 237.367-014. There is no conflict between the VE's testimony and the DOT because the DOT does not describe any job duties that would require overhead reaching. *Sherron F. v. Berryhill*, 2018 WL 4680565, at *4 (N.D. Tex. Sept. 28, 2018) (holding there is no conflict between VE's opinion that a person limited to occasional overhead reaching can work a as correspondence clerk and billing clerk and the DOT where the DOT's descriptions for those jobs are silent as to what type of reaching is required); *see also Gutierrez v. Colvin*, 2016 WL 4056067, at *1 (9th Cir. July 29, 2016) (holding there is no apparent conflict between the VE's conclusion that an individual with an inability to reach above shoulder level with her right hand/arm could perform cashier work and the DOT's generic job description requiring frequent reaching); *Rodriguez v. Colvin*, 2015 WL 778852,

*4 (W.D. Tex. Feb. 23, 2015) (no direct or obvious conflict between vocational expert and DOT where nothing in DOT job description indicated overhead reaching required for job); *accord Carey*, 230 F.3d at 146 (finding there was no conflict with the DOT because the DOT did not state that the job required two hands); *Ridenhour v. Astrue*, 2009 WL 77765, *13 (N.D. Tex. Jan. 12, 2009) (finding no obvious conflict where although reaching was required for job, the DOT did not specify the job must be performed by the dominant hand or arm or require bilateral use of the arms and hands).

At the administrative hearing, the VE testified that a hypothetical person of Plaintiff's age, education, work experience, and functional limitations—including specifically a limitation that the individual could never reach overhead bilaterally—could work as a callout operator. A.R. 54. The ALJ specifically asked the VE if her testimony was consistent with the DOT. *Id.* The VE responded in the affirmative and explained that, to the extent there was a discrepancy with the DOT (on an issue unrelated to reaching), her answer was "based on [her] 24 years of experience placing people in jobs and working with employers." *Id.* Plaintiff's representative did not challenge the VE's testimony on this point at the hearing. *See id.* Nothing about the way the DOT describes the callout operator job indicates that overhead reaching is required. And there is no other evidence in the record that contradicts the VE's conclusion. Therefore, the VE's testimony, which is not in direct conflict with the DOT, constitutes substantial evidence in support of the ALJ's decision.

Plaintiff also contends that the VE's testimony does not clearly establish that the job of callout operator can be performed with the limitation that Plaintiff must be permitted to alternate positions so as to stand and walk at 45 minute intervals. A.R. 53-54. Plaintiff attempts to manufacture doubt as to the sufficiency of the VE's testimony based on a comment by the VE that she was "struggling" with the standing and walking, alternating every 45 minutes limitation and another statement that Plaintiff characterizes an unfinished thought. However, a complete reading of the transcript shows the VE thoughtfully and carefully responded to a complex, hypothetical question posed by the ALJ, based on her expertise. Specifically, the ALJ and the VE had the following exchange:

> ALJ: Can the hypothetical individual perform any other work, and if so, could you give me a few examples with number of jobs for each occupation?
>
> VE: At the sedentary level, yeah. *I'm struggling with the standing and walking, alternating every 45 minutes.* At the sedentary, they're going to be seated most of the time.
>
> ALJ: Yes ma'am.
>
> VE: So the standing and walking, alternating is not really going to be a problem because they're be able to stand and walk during the break from.
>
> ALJ: Uh-huh.
>
> VE: So let's see. There is callout operator.
>
> ALJ: Okay.
>
> VE: Which is 217.367-014, sedentary, SVP 2. The Texas, 8,000, and national is 50,000. . . . .

8

A.R. 53-54. To the extent the VE "struggled" initially to respond to the hypothetical, the Court finds she resolved any uncertainty and unequivocally testified that an individual with Plaintiff's limitations, including the need to alternate standing and walking, could work as a callout operator. The VE further testified that her testimony was consistent with the DOT, and to the extent there was any inconsistency, her answer was based on 24 years of experience placing people in jobs and working with employers. A.R. 54. Again, Plaintiff's representative did not challenge the VE's testimony on this point at the hearing. The ALJ did not err in relying on the VE's testimony, and the Commissioner's decision is supported by substantial evidence. Therefore, the hearing decision is affirmed. `

### Conclusion

The hearing decision is AFFIRMED.

SO ORDERED.

September 27, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE